State on the relation of R. S. McCALL v. G. E. GARDNER, G. G. EAVES, I. T. AVERY, E. A. GRIFFITH.

(Decided November 21, 1899.)

*Quo Warranto—Title to Office—Solicitor—Criminal Courts, McDowell, Yancey, Forsyth and Burke Counties.*

1. The Criminal Court of McDowell, established by Act 1897, chap. 7, was put into the Criminal Circuit Court, of which plaintiff was Solicitor, and, there being no provision for a Solicitor, the plaintiff performed the functions, discharged the duties, and received the fees and emoluments thereof.

2. It has always been the practice and considered the law that when a new county is added to a Judicial District, the Solicitor took charge, performed the duties and received the fees and certificate appertaining thereto. There is no reason why the same rule should not prevail in reference to the Criminal Court of McDowell County.

3. The counties of Yancey, Forsyth and Burke stand upon a different footing. Criminal Courts were established for them by Acts 1899, chaps. 371 and 594, and provision made for appointment of Solicitor by the Judge; they never constituted part of the plaintiff's circuit, but were incorporated into the Western Criminal District Court.

CIVIL ACTION in the nature of *quo warranto,* tried before *Coble, J.,* at August Term, 1899, of the Superior Court of BUNCOMBE County, and heard upon the pleadings.

The complaint alleged that he was duly elected Solicitor of the Criminal Circuit Court of Buncombe, Madison, Haywood and Henderson counties, in November, 1896, and that there was added thereto the county of McDowell by the Act of 1897, chap. 7, and that by the Acts 1899, chaps. 371 and 594, his circuit was enlarged by the addition of Yancey, Forsyth and Burke, and that by said amendments he became rightfully Solicitor for all said counties, but was ousted by the defend-

ants claiming to be entitled under the legislation of 1899, and the appointment of the Judge, respectively, as follows: G. G. Eaves, claims to be Solicitor of McDowell County; G. E. Gardner, for Yancey County; E. A. Griffith, for Forsyth County, and I T. Avery, for Burke County.

The answers of defendants claim that they are entitled to the office of Solicitor of the Western Criminal District Court, each in his own county, by virtue of Acts of 1899, chaps. 371 and 594, and by appointment of the Judge, made in accordance therewith.

His Honor, upon the pleadings, rendered judgment in favor of plaintiff against each of the defendants, respectively, and they appealed.

*Messrs. Simmons, Pou & Ward, A. C. Avery, Glenn & Manly,* and *S. J. Ervin,* for various appellants.

*Messrs. V. S. Lusk* and *Frank Carter,* for appellee.

FURCHES, J., writes the opinion of the Court.

CLARK, J., concurs in the result as to defendants Gardner, Griffith and Avery, and dissents from the result as to defendant Eaves.

FURCHES, J. This action involves the right to the office of Solicitor of the Criminal Courts of McDowell, Yancey, Forsyth and Burke counties.

Plaintiff claims that by virtue of his election to the office of Solicitor of the Criminal Courts for the circuit then composed of the counties of Buncombe, Madison, Haywood and Henderson (as stated in the case of *McCall v. Webb,* at this term) he became Solicitor for the counties of McDowell, Burke, Yancey and Forsyth, by reason of the fact that the Criminal Circuit for which he was elected has been since extended by the Acts of 1897 and 1899, so as to include the Criminal Courts of these counties.

The Criminal Court of McDowell was established by the Legislature of 1897, chap. 7, and, when established, was put in the Criminal Circuit of which the plaintiff, McCall, was Solicitor. The act establishing the court in McDowell made no provision for a Solicitor; this being so, and the plaintiff being ·Solicitor of the Criminal Circuit in which it was placed, entered into, took possession of, and has exercised ever since, the functions of said office, and discharged its duties, and received the fees and emoluments thereof, until the defendant Eaves, with the recognition of the Judge of said court, wrongfully and unlawfully ousted him from his said office.

The defendant admits that plaintiff was duly elected, qualified and inducted into the office of Solicitor of the Criminal Circuit, composed of Buncombe, Haywood, Madison and Henderson counties, for the term of four years from the first of January, 1897.

But the defendant Eaves denies that the plaintiff was elected Solicitor of McDowell County, or that he ever rightfully held said office.

The plaintiff's right to recover, as we have said at this term in *McCall v. Webb,* depends upon his right to the office.

It has always been the practice, and considered the law, that when a new county is added to a district, the Solicitor of the Judicial District to which it is added entered upon the discharge of the duties of Solicitor for such county so added, and took the fees attached to said office, and the certificate of the Clerk which entitled him to $20 for each court from the State. The correctness of such action on the part of such Solicitor has never been disputed so far as we have any knowledge. This has been the universal and undisputed practice and conceded rights of such Solicitors, and it is not seen why the same rule should not prevail here. We are

therefore, of the opinion that the plaintiff was rightfully in possession of the office of Solicitor of McDowell County Criminal Court, and rightfully entitled to the fees and emoluments of said office at the time the defendant wrongfully entered into the same and ousted the plaintiff therefrom.

The other grounds of defense are fully discussed in *McCall v. Webb* at this term, and they will not be repeated here.

The facts presented as to the other defendants, Gardner, Griffith and Avery, present other questions which in our opinion distinguish them from *McCall v. Webb, McCall v. Zachary* and *McCall v. Eaves.* They differ from the case of *McCall v. Eaves* in this: The Act of 1897 which established the Criminal Court of McDowell, and put it into the circuit where the plaintiff, McCall, was Solicitor, made no provision for a Solicitor of that court. So the general rule applied, and the plaintiff, McCall, took possession, and became the rightful occupant and holder thereof.

This is not so as to the solicitorships of the Criminal Courts of Yancey, Forsyth and Burke. The same legislation that created these courts provided a Solicitor, or means for the appointment of a Solicitor for each of these new courts. This was in effect to exclude the plaintiff, McCall, from becoming Solicitor of these newly constituted courts, by virtue of the fact that he was the Solicitor of the Criminal Circuit into which they were placed, and therefore became Solicitor of these new counties by presumption of law. This being so, we are of the opinion that the plaintiff was not entitled to enter upon and hold the solicitorship of these three counties, by reason of the fact that they were put into the Criminal Circuit of which he was Solicitor. In this respect, it is probable that these inferior courts, over which the Legislature has entire control, differ from the circuits or districts of the Superior Courts of the State, for the reason.

McCALL *v.* GARDNER.

that the Constitution provides for *one* Solicitor for each district, to be elected by the people. But there are no such constitutional restrictions as to Solicitors of inferior courts.

The plaintiff, never having occupied these offices, and having no right to do so, can not recover against the defendants Gardner, Griffith and Avery.

It is therefore the opinion of the Court that the pliantiff is entitled to the solicitorship of McDowell County, and the fees and emoluments thereof, and that the defendant Eaves is not entitled thereto.

But the Court is of the opinion that the plaintiff is not entitled to hold and claim the fees and emoluments of the office of Solicitor of the Criminal Courts of Yancey, Forsyth and Burke counties; that the plaintiff have judgment against the defendant Eaves for the solicitorship of the Criminal Court of McDowell County; and that judgment be entered allowing the defendants Gardner, Griffith and Avery to go without further day, and for their costs.

Affirmed as to defendant Eaves, and reversed as to the other defendants.

CLARK, J., concurs in the result as to the defendants Gardner, Griffith and Avery, and dissents from the result as to the defendant Eaves, for reasons given in the dissenting opinions in *McCall v. Webb* and *Abbott v. Beddingfield,* at this term.